**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| Sally Galliher, | : | Case No. 3:08-CV-2487 |
| Plaintiff, | : | |
| v. | : | **MEMORANDUM DECISION AND ORDER** |
| Commissioner of Social Security, | : | |
| Defendant. | : | |

The parties have consented to have the undersigned Magistrate enter judgment in this case pursuant to 28 U.S.C. § 636 (c) (1). Plaintiff filed a Motion for Attorney Fees and Expenses pursuant to the Equal Access to Justice Act (EAJA) 28 U.S.C. § 2412 (Docket No. 15) to which Defendant filed a Response (Docket No. 16). For the reasons set forth below, Plaintiff's Motion for Attorney Fees and Expenses is granted.

**I. PROCEDURAL BACKGROUND**

Plaintiff's application for Disability Insurance Benefits alleging that she had been disabled since March 1, 2003 was denied initially and upon reconsideration so Plaintiff requested a hearing before an Administrative Law Judge (ALJ) (Tr. 37-39, 40-42, 44-46). ALJ K. Michael Foley conducted a hearing on January 10, 2008 at which, Plaintiff, represented by counsel, Vocational Expert (VE) Carl Hartung

and Medical Expert (ME) Dr. Jonathan Nusbaum, all appeared and testified (Tr. 668). The ALJ rendered an unfavorable decision on February 19, 2008 (Tr. 15-22). The Appeals Council denied Plaintiff's request for review on August 20, 2008 rendering the ALJ's decision the final decision of the Commissioner (Tr. 7-9).

On October 30, 2009, the Magistrate reversed the judgment of the Commissioner and remanded the case, pursuant to sentence four of 42 U. S. C. § 405(g), for consideration of the treating source evidence and to determine whether Plaintiff is disabled (Docket No. 14). Plaintiff filed a Motion for Attorney Fees under the EAJA. Defendant filed a Response to Plaintiff's request for attorney fees.

## II. EAJA STANDARD FOR AWARDING FEES

A court may award reasonable fees and expenses of attorneys, in addition to the costs which may be awarded pursuant to subsection (a), to the prevailing party in any civil action brought by or against the United States or any agency or any official of the United States acting in his or her official capacity in any court having jurisdiction of such action. 28 U. S. C. § 2412(b) (Thomson Reuters 2010). The United States shall be liable for such fees and expenses to the same extent that any other party would be liable under the common law or under the terms of any statute which specifically provides for such an award. 28 U.S.C.A. § 2412(b) (Thomson Reuters 2010). A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that: (1) the party is a prevailing party, (2) the party is eligible to receive an award under this subsection, (3) the position of the United States was not substantially justified and (4) the itemized statement from any attorney or expert witness representing or appearing in behalf of the party states the actual time expended and the rate at which fees and other expenses were computed. 28 U. S. C. § 2412(d)(1)(B) (Thomson Reuters 2010).

Whether the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought. 28 U. S. C. § 2412(d)(1)(B) (Thomson Reuters 2010). The fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates. *Hensley v. Eckerhart,* 103 S. Ct. 1933, 1941 (1983).

### III. ANALYSIS

Plaintiff contends that she is the prevailing party in this litigation and that the position of the Commissioner was not substantially justified. Consequently, she is entitled to attorney fees in the amount of $1,962.50 and expenses of $350. Plaintiff presents an itemized statement of the actual time expended and the rate at which fees were computed (Docket No. 15, Appendix A).

Having reviewed Plaintiff's Motion for Attorney Fees, Defendant has determined that he does not object to the court ordering that the award be made payable directly to Plaintiff's counsel, and in the name of counsel only, as assignee of Plaintiff for the requested amount of $1,962.50 in attorney fees and $350 in costs.

**A.     Prevailing Party.**

A Social Security claimant who obtains a remand order pursuant to sentence four of 42 U.S.C. § 405(g) is a prevailing party for purposes of the EAJA. *Olive v. Commissioner of Social Security,* 534 F. Supp. 2d 756, 758 (N. D. Ohio 2008) (*citing Shalala v. Schaefer,* 113 S. Ct. 2625 (1993)).

In this case, Plaintiff obtained an order remanding her case pursuant to sentence four of 42 U. S. C. § 405(g).

**B.**     **ELIGIBLE TO RECEIVE AN AWARD**.

The second element requires that the party be eligible to receive the award. 28 U.S.C. § 2412(d)(1)(B) (Thomson Reuters 2010). The statute qualifies the meaning of eligible party to mean "an individual whose net worth did not exceed $2,000,000 at the time of the civil action was filed." 28 U. S. C. § 2412(d)(2)(B) (Thomson Reuters 2010).

Plaintiff does not stipulate as to her net worth. However, at the time she filed her application, Plaintiff had few assets and she had not worked for several years. It was confirmed that she worked in the capacity of a retail store manager, secretary, bookkeeper and personnel manager (Tr. 702-703). Given these circumstances, it is improbable that Plaintiff's net worth exceeded $2,000,000. Defendant does not comment on the net worth of the Plaintiff. The Magistrate concludes that Plaintiff is eligible for the award.

**C.**     **SUBSTANTIAL JUSTIFICATION.**

A plaintiff is presumptively entitled to attorney's fees unless the government can meet its burden of showing that the position of the United States was substantially justified or that special circumstances make an award unjust. *Id.* The government's position is substantially justified if it is "justified in substance or in the main-that is, justified to a degree that could satisfy a reasonable person." *Id.* (*citing Pierce v. Underwood,* 108 S. Ct. 2541, 2550 (1988)). The government's position can be justified although it is not correct and it can be substantially justified if a reasonable person could think that it is correct. *Id.* (*citing Pierce, supra*, 108 S. Ct. at 2550).

Defendant does not argue that his position his position was substantially justified.

**D.**     **COMPENSABLE HOURS.**

The party seeking an award of attorney's fees has the burden of proving that the number of hours

4

for which compensation is sought was reasonably expended. *Ink v. Commissioner,* 2010 WL 1957462, *3 (N. D. Ohio 2010) (*citing Haiges v. Commissioner of Social Security,* 2008 WL 5412898, *4 (S. D. Ohio 2008) (*Copeland v. Marshall*, 641 F. 2d 880, 937 (6th Cir.  1980); *see also Granzeier v. Middleton*, 173 F.3d 568, 577 (6th Cir. 1999)).  Counsel for the prevailing party should make a good faith effort to exclude from the fee request, hours that are excessive, redundant or otherwise unnecessary.  *Id.*  Hours may be cut for duplication, padding or frivolous claims.  *Id.* (*citing Holden v. Bowen*, 668 F. Supp. 1042 (N. D. Ohio 1986)).  Beyond the allowances for duplicative services, the district court must identify those hours and articulate the reasons for their elimination from hours of service adequately documented. *Id.*  An award of fees for preparation of the fee application is compensable under EAJA.  *Id.* (*citing Seymore v. Secretary of Health and Human Services,* 738 F. Supp. 235 (N.D. Ohio 1990)).

Upon review of the schedule of services performed by Plaintiff's counsel, the request for fees is adequately documented.  Counsel expended 15.7 hours in her representation of Plaintiff.  She made a good faith effort to be clear and succinct in her pleadings.  There is neither padding nor the assertion of frivolous claims.  There are no excessive, redundant or unnecessary hours included in the schedule of services.  The Magistrate finds that the compensable hours in this case total 15.7.

### E.    HOURLY RATES.

Under 28 U. S. C. § 2412(d) (1)(A), the amount of fees awarded shall be based upon prevailing market rates for the kind and quality of the services furnished, except that attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

Counsel does not seek an enhanced hourly rate but requests that she be paid according to the

prescribed hourly rate of $125. The Magistrate finds that this request is reasonable.

  F.  **EXPENSES**.

  A judgment for costs, as enumerated in 28 U. S. C. § 1920, may be awarded to the prevailing party in any civil action brought against the United States or any agency. 28 U. S. C. § 2412 (Thomson Reuters 2010). Under Section 1920, a judge may tax docket fees as costs. 28 U. S. C. § 1920(5) (Thomson Reuters 2010).

  Plaintiff's counsel also requests reimbursement of docket fees totaling $350 to be paid as costs. The Magistrate finds Plaintiff's request well taken and awards as costs pursuant to 28 U. S. C. § 2412(a), the sum of $350.

  **G.**  **TOTAL AWARD.**

  The Supreme Court has determined that within the meaning of EAJA in a social security benefits case, an award of attorney fees is payable to the prevailing party, not his or her attorney. *Astrue v. Ratliff*, 130 S. Ct. 2521, 2527 (2010). In this case, Plaintiff is entitled to an award of attorney fees and costs in the amount of $2,312.50.

## CONCLUSION

  For these reasons, Plaintiff is awarded judgment for attorney fees and costs totaling $2,312.50.

  **IT IS SO ORDERED.**

            /s/ Vernelis K. Armstrong
            United States Magistrate Judge

Date: September 30, 2010